IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | C/A NO. 3:12-3202-CMC |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| $548,190.29 in funds seized from bank ) account number xxxxx1736 in the name of ) TH Snipes and Sons, Inc., at South ) Carolina Bank and Trust ("SCBT"), ) | |
| Defendant. ) | |

This matter is before the court on motion of TH Snipes, Charles Snipes, Todd Snipes, and John Snipes (hereinafter "Claimants") for dismissal of this civil forfeiture action pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). ECF No. 14. Plaintiff (hereinafter "Government") has filed a response in opposition, and this matter is ripe for resolution. For the reasons noted below, the court **denies** Claimants' motion to dismiss.

**I. BACKGROUND**

On November 6, 2012, the Government filed a complaint for forfeiture *in rem* against $548,190.29 in funds seized from a South Carolina Bank and Trust account, xxxxx1736, in the name of T H Snipes and Sons, Inc. ("Defendant Funds"). ECF No. 1. On March 13, 2013, Claimants filed verified statements claiming ownership of Defendant Funds. ECF Nos. 6-9. On March 27, 2013, Claimants filed a motion to dismiss the complaint for failure to state a claim and for lack of standing. ECF No. 14.

The complaint alleges that "[t]he United States Secret Service . . . took custody of the

1

Defendant Funds in South Carolina, and deposited them in the United States Customs Suspense Account, located in Washington, D.C." ECF No. 1 at 2. The complaint further contends Defendant Funds are subject to forfeiture because they were allegedly involved in a violation of 31 U.S.C. § 5324, which prohibits "structuring" financial transactions to evade federal reporting requirements pertaining to transactions over $10,000. *Id*. at 3-5.

Claimants argue the complaint is "unlawful on its face," Memo. in Support at 5 (ECF No. 14-1), because the Secret Service, which investigated and seized Defendant Funds "is without lawful statutory authority to investigate and seize monies for the alleged violations under United States Code, Title 31." *Id*. at 4 (ECF No. 14-1). Claimants also argue that the Government lacks standing to bring this action because it "is clearly acting on behalf of the United States Secret Service – an agency which does not have standing or lawful authority to investigate or seize monies under Title 31." *Id*. at 6. Claimants contend that the seizure of Defendant Funds is unlawful and the Defendant Funds "should be returned to the Claimant [sic] immediately." *Id*. at 4.

**II. DISCUSSION**

*A. Standing*

Claimants contend the Government lacks standing to enforce the federal civil forfeiture statutes in this circumstance because it is "acting on behalf of the United States Secret Service," and the Secret Service lacks statutory authority to investigate violations of Title 31 or seize currency for such violations. As set forth by the United States Supreme Court in 1819,

> it is a general rule, that any person may seize any property forfeited to the use of the government, either by the municipal law, or by the law of prize, for the purpose of enforcing the forfeiture. And it depends upon the government itself, whether it will act upon the seizure. If it adopts the acts of the party, and proceeds to enforce the forfeiture by legal process, this is a sufficient recognition and confirmation of the

> seizure, and is of equal validity in law, with an original authority given to the party to make the seizure. The confirmation acts retroactively, and is equivalent to a command.

*The Caledonian*, 17 U.S. 100, 103 (1819).

The Court of Appeals for the Fourth Circuit has recognized the rule set forth in *The Caledonian*. *See Harman v. United States*, 199 F.2d 34, 37 (4th Cir. 1952) (interpreting *The Caledonian* as standing for the rule "that anyone may seize any property for a forfeiture to the Government, and that if the Government adopts the act and proceeds to enforce the forfeiture by legal process, this is of no less validity than when the seizure is by authority originally given"). Accordingly, Claimants' contention to the contrary is without merit.

*B. Failure to State a Claim*

A motion to dismiss a forfeiture action for failure to state a claim is governed by Supplemental Rule G(2), which requires a verified complaint to "state sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proof at trial." Supp. R. G(2)(f). Although Supplemental Rule G "requires a more particularized complaint than is demanded in civil actions generally," 12 C. Alan Wright, A. Miller, & R. Marcus, Fed. Prac. & Proc. Civ. § 3242 (2d ed.),[1] the Government need only "state[ ] the circumstances giving rise to the forfeiture claim with sufficient particularity" to allow a claimant to conduct a "meaningful investigation of the facts and draft[ ] a responsive pleading." *United States v. Mondragon*, 313 F.3d 862, 867 (4th Cir. 2002).

---

[1] In civil actions generally, a plaintiff's complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" as well as "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

Whether the Secret Service has "statutory authority to investigate and seize monies for the alleged violations" at issue, ECF No. 14-1 at 4, has no bearing on whether the complaint states a claim to relief that is plausible on its face. The question is whether the facts alleged in the complaint, assumed to be true, show that Defendant Funds were involved in structuring and therefore subject to forfeiture. Although Claimants take issue with the agency that allegedly seized the funds, they do not address whether a structuring violation has been adequately pleaded. Therefore, as Claimants have identified no valid grounds for dismissal, the motion to dismiss for failure to state a claim is without merit.

### III. CONCLUSION

Claimants' motion to dismiss (ECF No. 14) is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 29, 2013